588 A.2d 518

**COMMONWEALTH of Pennsylvania**

v.

**Andrew BOBOTAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1991.

Filed March 6, 1991.

William P. Carlucci, Williamsport, for appellant.

Thomas A. Marino, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before OLSZEWSKI, BECK and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lycoming County following appellant's conviction by a jury of driving while under the influence of alcohol.[1] Following his conviction, appellant filed post-verdict motions alleging that the trial court erred in denying appellant's motion for a new trial,[2] and challenging the sufficiency of the evidence to support the verdict with respect to the element of the offense that appellant was operating or in actual physical control of the movement of a motor vehicle. Appellant's post-verdict motions were subsequently denied, and this appeal followed.

Two issues are presented for our determination: (1) whether the trial court erred in denying appellant's motion for a mistrial (*See* n. 2, *infra.*); and (2) whether the trial court erred in instructing the jury that appellant could be convicted for DUI if he was in actual physical control of the machinery of his motor vehicle. We find no error by the trial court and accordingly affirm the judgment of sentence.

The trial court gave the following summary of the facts from which the present case arose:

At about 12:30 a.m. on March 11, 1989, an officer of the Montoursville Police Department was detailed to investigate a report that a small sports car, with engine revving, was parked in an alley in a downtown section of the Borough of Montoursville. When the officer arrived, he found a small green Porsche with engine idling rapidly, parked in an alleyway near Broad Street, the main street of the Borough. The vehicle was facing Broad Street.

1. 75 Pa.C.S.A. § 3731(a)(1) and (a)(4).

2. Appellant alleges trial court error in failing to declare a mistrial due to defense counsel's alleged comment upon appellant's exercise of his right to remain silent.

The defendant was alone in the vehicle and was behind the wheel. The defendant told the officer he had been drinking with friends and, while driving home, did not feel well and thought it best that he pull over for a short time before continuing on.

Trial court opinion at 1.

Appellant first argues that the trial court erred in denying appellant's motion for a mistrial following a statement by the prosecuting attorney during her closing argument. The record indicates that the arresting officer testified that when he had arrested appellant at the scene, appellant had agreed to speak with the officer and stated to him that he had been drinking with friends and, while driving home, did not feel well and thought it best that he stop for a short time before continuing home. (N.T. at p. 18.) At trial, however, appellant gave an entirely different version of the facts. Appellant testified that he had arrived at the location approximately one hour before the police officer. He stated that he had been waiting for a signal from his girlfriend, who lived in an apartment a short distance away, indicating permission to enter her home. Appellant testified that he had been waiting quite a while, so he kept the engine running to stay warm. He claimed he had done no drinking before stopping at the scene, but that he had consumed a half bottle of champagne while waiting for the signal from his girlfriend. He stated that when the police arrived, he quickly hid the champagne. Appellant testified that he did not tell the officer the truth to save embarrassment to his girlfriend. (N.T. at p. 38–44.)

In her closing argument, the assistant district attorney argued that appellant's testimony was incredible because appellant had given the police officer at the scene a different version of the incident and had not gone to the police prior to trial to explain his subsequent version of the incident. At the conclusion of this closing argument, the defense attorney made a motion for mistrial. The trial court denied the motion, but gave the following cautionary instruction:

There was in the District Attorney's argument, there was a statement to the effect that the defendant had never come forward to give the version of the testimony that he gave from the witness stand. To the extent the District Attorney was commenting upon the answers and explanations that the defendant gave on the night in question to the officer, that's an appropriate comment on the evidence. It's a matter for you to consider along with the Defense Counsel's argument. However, to the extent that it implies there was some duty on the part of the defendant in a sense then to make some statements to the police or come forward and explain himself or to prove something, then that would fly in the face of the law which says the burden is not on the defense to prove innocence or prove anything, the burden is on the Commonwealth to prove its case beyond a reasonable doubt. So there is no burden on the defendant to come forward with anything. Case is here. Commonwealth has the burden of proving it beyond a reasonable doubt.

■ Appellant now argues that the trial court erred in permitting the prosecutor to impeach appellant's trial testimony by referring to his silence. Appellant alleges that this violated his privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. *See, Commonwealth v. Singletary,* 478 Pa. 610, 387 A.2d 656 (1978). The record indicates that appellant was not silent at the time of his arrest, however; but instead, proffered an explanation for his presence at the scene. Appellant therefore never invoked his Fifth Amendment privilege against self-incrimination.

In *Commonwealth v. Beavers,* 492 Pa. 522, 424 A.2d 1313 (1981), our Supreme Court, in deciding a factually similar case, held that a defendant who, having been advised of his *Miranda*[3] rights, freely speaks to authorities and never fails to respond to a question, cannot assert his Fifth Amendment privilege. *Id.,* 492 Pa. at 532, 424 A.2d at 1318.

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In the present case, appellant did not remain silent at the time of his arrest, but instead, made an explanatory statement. Appellant never attempted to invoke his Fifth Amendment privilege. In accordance with *Beavers, supra,* appellant's Fifth Amendment claim must fail.

■ Additionally, we reject appellant's claim that his Fifth Amendment privilege was violated when the district attorney commented, during closing argument, upon appellant's failure to contact the police prior to trial to explain the real reason he was present in the alley. We are in agreement with the trial court that any misinterpretation that the jury may have given such comment, with respect to the Commonwealth's burden of proof, was effectively cured by the trial court's cautionary jury instruction.

■ Finally, appellant contends that the trial court erred in charging the jury that appellant could be convicted for DUI if he was in actual physical control of the machinery of his motor vehicle. Appellant concedes that the instruction is consistent with this Court's latest pronouncement on the subject; however, appellant argues that the jury instruction, as well as this Court's analysis, is flatly inconsistent with the plain language of 75 Pa.C.S.A. § 3731. Section 3731 provides in pertinent part:

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

\* \* \* \* \* \*

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

In the present case, appellant argues, without citing any authority, that for one to be convicted of driving under the influence of alcohol, the motor vehicle must have been in motion. Appellant interprets the language under subsection (a), "actual physical control of the movement of any vehicle," as requiring actual movement of the vehicle. This

argument is entirely contrary to existing case authority and the legislative history and intent of 75 Pa.C.S.A. § 3731(a).

From 1959 until 1976, the Pennsylvania Driving Under the Influence Statute, then codified at 75 P.S. § 1037, provided that "[i]t shall be unlawful for any person to *operate* a motor vehicle ... while under the influence of intoxicating liquor ..." (emphasis added). In *Commonwealth v. Kallus*, 212 Pa.Super. 504, 243 A.2d 483 (1968), this Court interpreted the term "operate" to require evidence of actual physical control of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself, but not evidence that the vehicle was in motion. *Id.*, 212 Pa.Superior Ct. 507, 243 A.2d at 485.

In 1976, this section was repealed by 75 Pa.C.S.A. § 3731, which provided in pertinent part, that "[a] person shall not *drive* any vehicle while ... under the influence of alcohol ..." (emphasis added). In *Commonwealth v. Brown*, 268 Pa.Super. 206, 407 A.2d 1318 (1979), a panel of this Court construed this change as a legislative intent to limit the scope of the statute. This Court reasoned that since the term "operate" is broader than "drive", the legislature intended to confine violations of the statute to those instances where the Commonwealth has presented evidence that the entire vehicle had been in motion. *Id.*, 268 Pa.Superior Ct. 208, 407 A.2d at 1320.

Section 3731 was amended in 1982 to the current version, in an attempt to broaden the scope of section 3731. Subsection (a) of section 3731, as stated above, provides that, "[a] person shall not drive, operate, or be in actual physical control of the movement of any vehicle while ... under the influence of alcohol...." In *Commonwealth v. Crum*, 362 Pa.Super. 110, 523 A.2d 799 (1987), a panel of this Court was asked to decide whether sufficient evidence existed to prove that appellant either drove, operated, or was in actual physical control of the movement of a vehicle. In *Crum, supra*, appellant was found asleep, under the influence of alcohol and slumped across the front seat of a car, with the motor running and the lights on. This Court held these

facts sufficient to support an inference that appellant was in control of either the machinery of the motor vehicle or the management of the motor vehicle itself, despite the fact that appellant's vehicle was not observed in motion. *Id.*, 362 Pa.Superior Ct. 115, 523 A.2d at 802. *See also, Commonwealth v. Farner*, 90 Pa.Commw. 201, 206, 494 A.2d 513, 516 (1985).

In accordance with the legislative history of Pennsylvania's driving under the influence legislation and this Court's interpretation of the present state of the law in *Crum, supra*, there is no requirement that one's vehicle be in motion to be convicted under section 3731. We, therefore, reject appellant's unsupported claim to the contrary. For the above reasons, we affirm the judgment of sentence.