**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Walter John YANINAS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1998.
Filed Dec. 10, 1998.

William Ruzzo, Asst. Public Defender, Kingston, for appellant.

Peter Paul Olszewski, Jr., Dist. Atty., and Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

Before KELLY, STEVENS and HESTER, JJ.

STEVENS, J.:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Luzerne County following Appellant's conviction by a jury of driving under the influence of alcohol.[1] We affirm.

---

1. 75 Pa.C.S.A. § 3731. **Driving under the influence of alcohol or a controlled substance**

(a) **offense defined.**-A person shall not drive, operate or be in actual physical control of the

The record before us reveals that during the early morning hours of January 26, 1997, Pennsylvania State Police Troopers Todd Norton and John Kovalick were driving south on a rural stretch of State Route 11 when they discovered Appellant's car stopped along the side of the road with its parking lights on. The troopers pulled over, and when Trooper Norton approached the passenger side of Appellant's car, he discovered that the car's engine was running and that Appellant was sleeping in the driver's seat with an open can of beer between his legs. Trooper Norton also observed two unopened cans of beer on the passenger seat. After pounding on the window for approximately thirty seconds, Trooper Norton succeeded in rousing Appellant, who rolled down the window and explained that he had pulled over because he was tired. During this exchange, Trooper Norton detected a strong odor of alcohol on Appellant's breath, and he asked Appellant to step from the car and perform two field sobriety tests. Appellant responded that he could not perform the tests because he had a bad back and Achilles tendon. Appellant was then taken into custody and transported to the Nanticoke Hospital for a blood test. Appellant's blood alcohol content was .14%,[2] and he was subsequently arrested.

▓ Prior to trial, Appellant filed a motion to dismiss the charges against him, alleging that the Commonwealth did not have probable cause to arrest him for driving under the influence. The motion was denied, and on January 12, 1998, Appellant was found guilty. Appellant filed post-verdict motions which were denied on January 21, 1998, and he was sentenced on February 12, 1998. He filed this timely appeal on March 2, 1998, raising the following issue for our review: Whether the evidence was sufficient to convict him of violating 75 Pa.C.S.A. § 3731, which requires the Commonwealth to prove that Appellant was driving, operating or in physical control of a vehicle while intoxicated.

In examining a challenge to the sufficiency of the evidence, it is well established that an appellate court must determine whether the evidence was sufficient to enable the jury to find every element of the crime charged beyond a reasonable doubt, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner. *Commonwealth v. Thomas*, 527 Pa. 511, 594 A.2d 300 (1991). *Commonwealth v. Zimmick*, 539 Pa. 548, 554, 653 A.2d 1217, 1220 (1995).

Appellant in the case *sub judice* asserts that the evidence presented was insufficient to show the elements of the crime charged: i.e. that Appellant was driving, operating or in physical control of his car while intoxicated. Appellant essentially argues that he was not in physical control of his car while intoxicated because he had pulled over in bad weather to spend the night, only had the engine running so he could heat the car, and did not start drinking until after he had pulled over.

It is clear that when Troopers Norton and Kovalick discovered Appellant's car, its engine was running but it was not moving. The fact that the car was not moving is not dispositive, however, of whether Appellant was "in actual physical control." *Commonwealth v. Bobotas*, 403 Pa.Super. 136, 588 A.2d 518, 521 (Pa.Super.1991) (movement of the vehicle is not required to find actual physical control). The courts of this Commonwealth have held that whether a person is in "actual physical control" of a vehicle is "determined based on the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene." *Commonwealth v. Wolen*, 546 Pa. 448, 450, 685 A.2d 1384, 1385 (1996) (citations omitted). For example, in *Commonwealth v. Crum*, 362 Pa.Super. 110, 523

---

movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

. . .

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater

**2.** The parties stipulated to Appellant's blood alcohol content at trial.

A.2d 799, (Pa.Super.1987), this Court concluded that a defendant was in actual physical control of his car when he was found asleep in the front seat while the car was parked on the side of the road with its engine running and its lights on.

 Appellant cites *Commonwealth v. Byers*, 437 Pa.Super. 502, 650 A.2d 468 (Pa.Super.1994) in an attempt to persuade us that he was not in actual physical control. His reliance on *Byers* is misplaced. In that case, the defendant was found asleep behind the wheel of his running car, but he had not moved the car from the parking lot of the bar in which he had been drinking. *Byers*, 650 A.2d at 468–469. A panel of this Court concluded that proof that the defendant had started the car, without more, was not enough to prove he was in actual physical control. *Byers*, 650 A.2d at 470. In the case *sub judice*, however, Appellant's car was parked on the berm of a highway, not in a parking lot. Although Appellant attempted to persuade the jury that he achieved a blood alcohol content of .14% only **after** pulling his car off the road, making his situation more akin to that of the defendant in *Byers*, the jury obviously chose to disbelieve his testimony in this regard. The jury, as the finder of fact, is free to believe all, some, or none of the testimony presented to it, and we will not disturb its credibility determinations on appeal. *Commonwealth v. Chambers*, 528 Pa. 558, 584, 599 A.2d 630, 642 (1991) ("Issues of credibility are properly left to the trier of fact for resolution, and the finder of fact is free to believe all, part, or none of the evidence."); *In re J.F.*, 714 A.2d 467, 473 (Pa.Super.1998) ("It is the function of the jury to pass upon the credibility of the witnesses and to determine the weight to be accorded the evidence produced. The jury is free to believe all, part or none of the evidence introduced at trial.").

 In the case at hand, Appellant was found behind the wheel of his car, which was stopped on the berm of State Route 11 with its engine running and its parking lights on. The parties stipulated that Appellant's blood alcohol content was .14%. We conclude that this evidence, viewed in a light most favorable to the Commonwealth as verdict winner,

showed that Appellant was in actual physical control of his car, and, therefore, the evidence was sufficient to enable the jury to find every element of the crime charged beyond a reasonable doubt.

Judgment of sentence affirmed.