J-S79027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL BOMBARO, | |
| Appellant | No. 932 EDA 2014 |

Appeal from the Judgment of Sentence of March 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014488-2013

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                      **FILED JANUARY 28, 2015**

Appellant, Daniel Bombaro, appeals from the judgment of sentence entered on March 12, 2014, following his bench trial convictions for three counts of driving under the influence (DUI) of alcohol, a controlled substance, and a combination of a controlled substance and alcohol.[1]  Upon review, we affirm.

The trial court aptly summarized the facts of this case as follows:

> In response to a radio call, on April 18, 2013 at approximately 6:46 [p.m.] [in] the area of 429 West Susquehanna Avenue, Officer Nelson Leon observed [Appellant] inside a white Honda Sonata.  Susquehanna Avenue is a large one lane street, and [Appellant] was parked to the right side of the street against the curb.  The car was parked at an angle facing towards the street with

---

[1]  75 Pa.C.S.A. §§ 3802(a)(1), (d)(1), and (d)(3), respectively.

*Retired Senior Judge assigned to the Superior Court.

the windows rolled up. The keys were in the ignition and the car was running. [Appellant] was behind the driver's seat, unconscious, and slumped over towards the passenger's seat. He was also sweating profusely. Inside the car, Officer Leon observed a syringe wrapper in [Appellant's] hand and also a needle on the floor of the passenger side. [Appellant] failed to wake up even after Officer Leon knocked on the window a couple of times. Officer Leon then opened the door and shook him to wake him up. However, [Appellant] did not wake up until the medics came.

Once [Appellant] woke up, Officer Leon asked him a few questions, but [Appellant] had trouble answering them. His speech was slurred and muffled. Officer Leon then asked him if he consumed drugs or alcohol, and [Appellant] informed the [o]fficer that he had used heroin earlier that day. [Appellant] was unable to maintain his balance after he exited the vehicle and needed the support of Officer Leon to remain standing. At that point, he was placed under arrest for DUI.

Trial Court Opinion, 6/16/2014, at 1-2.

Procedurally, the case progressed as follows:

On March 12, 2014, [Appellant] was found guilty of [the aforementioned counts of DUI]. He was sentenced to 72 hours to 6 months of incarceration, and was further ordered to participate in drug or alcohol screening and treatment programs, including outpatient and inpatient programs. His license was suspended for a year, and he was ordered to participate in Highway Safety School. [Appellant] was paroled immediately after serving 72 hours.

Defense counsel filed a timely appeal on March 28, 2014. [On May 14, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).] [Appellant's] [s]tatement of [e]rrors complained [of] on [a]ppeal was filed on June 3, 2014. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 16, 2014.]

*Id.* at 1.

On appeal, Appellant presents the following issue for our review:

> Was not the evidence insufficient to convict [A]ppellant of driving under the influence of a controlled substance where the Commonwealth failed to prove that [A]ppellant had actual, physical control of the vehicle?

Appellant's Brief at 3.

Appellant claims that there was insufficient evidence presented to prove he was in physical control of the vehicle in question. More specifically, he claims:

> [T]here was a reasonable inference that [A]ppellant did not drive to the area under the influence, but rather drove to the area sober, bought drugs in the neighborhood, and returned to the car where he ingested the drugs in his car, as evidenced by the syringe found in his hand and the needle found in the car.

*Id.* at 14. Appellant contends that the fact that he "started the parked car, without more, [was] not enough to prove actual physical control." *Id.* at 12. Appellant relies upon our 1994 decision in *Commonwealth v. Byers*, 650 A.2d 468 (Pa. Super. 1994) for the proposition that the car's location negated any inference that the car had been moved. *Id.* at 13-14.

When reviewing a sufficiency of the evidence claim, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the

Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Karns*, 50 A.3d 158, 161 (Pa. Super. 2012) (citation omitted).

Appellant was convicted of three counts of DUI. The relevant statutory provisions provide:

**(a)   General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

* * *

**(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1)   There is in the individual's blood any amount of a:

(i)      Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act;

- 4 -

> (ii)     Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or
>
> (iii)    metabolite of a substance under subparagraph (i) or (ii).
>
> *          *          *
>
> (3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802 (footnote omitted). There is no dispute that heroin is a controlled substance covered under Subsection 3802(d).

Here, Appellant contends that there was insufficient evidence that he was operating, or in physical control of, the vehicle in question. Our Court has determined:

> The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. Our precedent indicates that a combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence.

***Commonwealth v. Williams***, 941 A.2d 14, 27 (Pa. Super. 2008) (citations omitted).

Our decision in ***Commonwealth v. Toland***, 995 A.2d 1242 (Pa. Super. 2010) is instructive. In that case,

- 5 -

the evidence established that [Toland] was asleep in the driver's seat of the vehicle with the motor running and the headlights illuminated. There was a cold, unopened six-pack of beer on the floor behind the driver's seat. [Appellant's car was found, as] described in the affidavit of probable cause [parked in front of] a "store" and there is no indication that it sells alcoholic beverages. A reasonable inference could be made that [Toland] drove to that location. Although circumstantial, the evidence was sufficient for the trial court to conclude, as the finder of fact, that [Toland] was in actual physical control of the movement of the motor vehicle.

*Toland*, 995 A.2d at 1246.

Moreover, in *Toland*, we distinguished our earlier decision in *Byers*:

In [*Byers*], [Byers] was discovered sleeping in the driver's seat of a parked car. The car was sitting in the parking lot of the Twin Rocks Lounge, a drinking establishment. The engine was running and the headlights were on, but the car was not in motion. On these facts, a panel of this [C]ourt held that the Commonwealth did not introduce enough evidence to show actual physical control. We held that the Commonwealth must show some additional facts to demonstrate that an intoxicated defendant is a danger to public safety beyond merely starting a parked car. After noting that the purpose of the drunk driving laws is to keep intoxicated drivers off of the road and to protect the public at large, the *Byers* court stated: "In the present case, Byers never got onto the road and was not a threat to public safety. The Commonwealth is trying to encourage intoxicated people to 'sleep it off' before attempting to drive, yet it wants us to punish Byers for doing just that." [*Byers*,] at 471.

While not overruled, the approach in *Byers* was strongly criticized by the Pennsylvania Supreme Court in *Commonwealth v. Wolen*, 685 A.2d 1384 (Pa. 1996) (plurality):

Under the circumstances of [*Byers*], the Superior Court held that there were insufficient facts to prove that the defendant posed a safety hazard to the

public, and therefore the Commonwealth had failed to establish that he was in actual physical control of the vehicle. **Byers**, 650 A.2d at 470. The **Byers** Court reasoned that penalizing a person for "sleeping it off" with the engine running for a purpose other than driving the vehicle (for example, to provide heat, operate the radio or power a car phone) would defeat this laudable purpose. **Id.** at 471. However, nowhere in the statute is there a requirement that the fact-finder should consider whether or not one in actual physical control of a vehicle and under the influence of alcohol or controlled substances poses a threat to public safety. The legislature has reasonably determined that one driving a motor vehicle on the public streets and highways of the Commonwealth while under the influence of alcohol or controlled substances constitutes a threat to public safety **per se**, even if there are no other members of the public immediately endangered. While it may be laudable that one who realizes that he is incapable of safe driving pulls over to "sleep it off," the legislature has made no exception to the reach of the statute to such individuals. Accordingly, such a person's threat to public safety is not a relevant consideration under the drunk driving statutes.

**Wolen**, 685 A.2d at 1386 n. 4. Although **Wolen**, as a plurality decision, is not binding on this court, the soundness of the reasoning in **Byers** has been called into question.

At any rate, **Byers** is distinguishable on its facts [from **Toland**]. In [**Byers**], the defendant had not moved his car from the private parking lot of the bar where he had been drinking. **Byers**, 650 A.2d at 470. [In **Toland**], the defendant was parked on a public street in front of a store. While it is unclear from the record where [Toland] had been drinking prior to his arrest, appellant was not sitting in the parking lot of a bar, as in **Byers**. As the trial court states, the presence of a cold, unopened six-pack of beer in [Toland's] car indicates that he was not "sleeping it off" but intended to drive his vehicle to his home or some other location to continue drinking and become even more

intoxicated. Assuming **Byers** remains good law, it is factually inapposite and [Toland's] reliance on it is misplaced [and his] sufficiency claim fails.

**Commonwealth v. Toland**, 995 A.2d 1242, 1246-47 (Pa. Super. 2010) (some citations and quotations and original brackets omitted).

In this case, the trial court concluded that Appellant was in actual physical control of the vehicle, opining:

Under the totality of the circumstances, [Appellant] was clearly in "actual physical control" of the vehicle. Officer Leon found [Appellant] unconscious and slumped over towards the passenger side of the vehicle. [Appellant] parked the car in a high drug area, with the keys in the ignition and the car running. The car was parked at an angle instead of being parked straight against the curb. As [precedent indicates], when the location of the vehicle is in a suspect location, a red flag is to be raised. [Appellant] even testified that he pulled off after an emotional situation with his former wife and was going through Northern Liberties, which is an area in Philadelphia. The circumstantial evidence does not support the idea that [Appellant] sat in a parked car there just to "cool off" after a heated argument. Instead, all evidence points to the conclusion that he was driving under the influence before he decided to park.

Trial Court Opinion, 6/16/2014, at 5 (footnote and record citations omitted).

Initially we note that in the case *sub judice*, Appellant argues the facts in the light most favorable to himself, in contravention of our standard of review. Moreover, the facts of this case more closely resemble those as presented in **Toland**, rather than **Byers**. Appellant was found unconscious behind the wheel of a car, the engine was running, and the car was parked slightly askew on the street in a residential neighborhood. In **Byers**, the facts presented showed Byers had been imbibing in alcohol in a particular

location and had passed out before moving his car from the drinking establishment's parking lot. Here, however, as in **Toland**, it is unclear from the record where Appellant partook of the heroin. However, based upon the totality of the circumstances viewed in the light most favorable to the Commonwealth as the verdict winner, we agree that there was sufficient evidence to support Appellant's convictions. More specifically, the car was parked at a slight angle on a city street with the engine running and Appellant was found unconscious in the driver's seat. **See** N.T., 3/25/2014, at 11, 13-14. Appellant had a syringe wrapper in his hand and there was a hypodermic needle found on the floor of the rear passenger side. **Id.** at 16-17. Appellant admitted to using heroin earlier that day. **Id.** at 11. Unlike in **Byers**, here there was no reliable indicia that Appellant used intoxicating substances and merely got into the vehicle to sleep it off. Thus, we agree with the trial court that there was sufficient evidence to support Appellant's DUI convictions.

In addition, we note that at trial Appellant stipulated that his blood alcohol level showed he was intoxicated. **Id.** at 20-21. There was absolutely no evidence to suggest that Appellant had imbibed any alcohol after parking his vehicle. The investigating officer did not testify to seeing or recovering any open or empty containers from the vehicle. Accordingly, the Commonwealth circumstantially proved that Appellant ingested alcohol before driving. Thus, for this alternative reason, we affirm Appellant's general impairment conviction under 74 Pa.C.S.A. § 3802(a)(1). **See**

*Commonwealth v. O'Drain*, 829 A.2d 316, 322 (Pa. Super. 2003) ("We note that this court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2015

- 10 -