J-S25032-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ALLEN PISTORIUS | : | |
| | : | |
| Appellant | : | No. 1571 WDA 2017 |

Appeal from the Judgment of Sentence October 19, 2017
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000832-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                      FILED JULY 09, 2018

David Allen Pistorius brings this appeal from the judgment of sentence imposed on October 19, 2017, in the Court of Common Pleas of Butler County. Following a non-jury trial, the trial court found Pistorius guilty of driving under the influence ("DUI") – general impairment[1] and DUI – high rate of alcohol[2] and sentenced him to house arrest for a period of 45 days and 100 hours of community service over the following six months. The issues raised by Pistorius in this appeal are challenges to the sufficiency and weight of the evidence. Based upon the following, we affirm.

The trial court aptly summarized the relevant facts as follows:

Trooper Robert Gambone, a seven-year veteran of the Pennsylvania State Police, was dispatched at approximately 4:12

_____

[1] See 75 Pa.C.S.A. § 3802(a)(1).
[2] See 75 Pa.C.S.A. § 3802(b).

A.M. on February 8, 2016, along with Trooper Kirnschild, to a residence on Meridian Road in Penn Township, Butler County based on a 911 call. During the call[,] it was reported that a vehicle was located at a house where it did not belong. Trooper Gambone had worked the night shift for the majority of his State Police career and had been trained in field sobriety testing and recognizing individuals who were under the influence. At the time he reported to the Meridian Road residence, the trooper had made approximately 170 arrests for driving under the influence and was a certified DataMaster Operator. When Trooper Gambone arrived at the Meridian Road residence, he observed a Chevrolet Cavalier parked on or near the driveway. The car was sitting on top of, and was hung up on, decorative rocks. The driver of the vehicle was not present when Troopers Gambone and Kirnschild arrived. Trooper Gambone ran the license plate number of the vehicle through NCIC. PennDOT records indicated David Allen Pistorius was the owner of the vehicle.

The troopers then walked up the driveway[,] and shortly thereafter spoke to the neighbor who had called 911. After speaking to the caller, Trooper Gambone walked along a brush or tree line nearby where the Cavalier had been stuck. As he looked around using his flashlight, Trooper Gambone turned to his right and saw a man approximately five feet away[,] standing with his back against a tree[,] trying to hide. The man, later identified by Trooper Gambone as the Defendant, took a step forward and Trooper Gambone grabbed him and asked what he was doing. The two then fell to the ground. When Trooper Gambone thereafter asked the Defendant what he was doing, the Defendant indicated that he ran out of gas and pulled into the driveway of the Meridian Road residence.[3] The Defendant indicated that he arrived at the driveway approximately fifteen or twenty minutes earlier and that he knew the owner of the residence. While speaking to the Defendant, Trooper Gambone detected a strong odor of alcoholic beverage on the Defendant's breath. The Defendant exhibited severely blurred speech and had bloodshot and glassy eyes. It

―――――――――――――――――――――――――――――――

[3] At trial, Charles Gage, a friend of Pistorius, contested the trooper's testimony by claiming he was in the car with Pistorius when another individual named Brian drove him to the Meridian Road residence. See N.T., 9/1/2017, at 26. Gage testified Pistorius left the car at the residence earlier that day because it was out of gas, and the driver dropped him off following a party they had attended. See id. at 24-25.

was also clear to the trooper that the Defendant had urinated in his pants.

> Trooper Gambone arrested the Defendant for driving under the influence. Shortly thereafter[,] the Defendant admitted to having been drinking. The Defendant was then transported to the State Police Barracks. Once there[,] the Defendant was read the warnings contained on the PennDOT DL-26. The Defendant agreed to submit to chemical testing of his breath. At 5:28 A.M., chemical testing of the Defendant's breath was performed on a properly calibrated and sufficiently accurate DataMaster. The testing revealed a blood-alcohol concentration of .127%.

Trial Court Opinion, 11/27/2017, at 1-3.

The case proceeded to a non-jury trial conducted on September 1, 2017. That same day, the trial court found Pistorius guilty of DUI – general impairment and DUI – high rate of alcohol, and sentenced him to house arrest for a period of 45 days and 100 hours of community service over the following six months. Pistorius filed this timely appeal and complied with the trial court's request to submit a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

In his first issue on appeal, Pistorius challenges the sufficiency of the evidence supporting his conviction. See Pistorius' Brief at 12.

Our standard of review of a claim challenging the sufficiency of the evidence is as follows:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

Commonwealth v. Mobley, 14 A.3d 887, 889-890 (Pa. Super. 2011) (citation omitted). When the trial court sits a fact-finder, it is "free to afford whatever weight it deem[s] appropriate to the evidence admitted at trial[.]" Commonwealth v. O'Donnell, 740 A.2d 198, 209 (Pa. 1999).

Section 3802 of the Vehicle Code governs offenses related to driving under the influence of alcohol and provides, in pertinent part:

(a) General impairment.

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

. . .

(b) High rate of alcohol. – An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802 (emphasis in original).

"Under Pennsylvania law, an eyewitness is not required to establish one was driving, operating, or in actual physical control of a motor vehicle, but rather, the Commonwealth may establish the same through wholly circumstantial evidence." Commonwealth v. Young, 904 A.2d 947, 954 (Pa. Super. 2006), appeal denied, 916 A.2d 633 (Pa. 2006). "A determination of actual physical control of a vehicle is based upon the totality of the circumstances." Commonwealth v. Williams, 871 A.2d 254, 260 (Pa. Super. 2005) (citation omitted). "Our precedent indicates that a combination of the following factors is required in determining whether a person had actual physical control of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." Commonwealth v. Brotherson, 888 A.2d 901, 904 (Pa. Super. 2005) (citation omitted), appeal denied, 899 A.2d 1121 (Pa. 2006). "In a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." Id. at 905 (citation omitted).

Pistorius argues the circumstantial evidence provided by Trooper Gambone was insufficient to prove beyond a reasonable doubt that he had actual physical control of the vehicle. See Pistorius' Brief at 13-14. Pistorius relies on Brotherson, supra, in which an officer found the defendant asleep in the driver's seat of his car, parked on a basketball court with the motor running. See id. at 901. The court found the "highly inappropriate location"

of the vehicle and the running motor to be sufficient circumstantial evidence the defendant had been driving. Id. at 905. Pistorius argues that since Trooper Gambone did not testify that he was in the car or that the engine was running, his case is factually distinct from Brotherson. See Pistorius' Brief at 16.

Pistorius cites additional case law, in which defendants had actual control of their vehicles because witnesses saw them inside or leaning on their vehicles. See Commonwealth v. Johnson, 833 A.2d 260, 263-264 (Pa. Super. 2003) (defendant had control of the vehicle because a witness saw him leaning against the car moments after an accident); Young, supra, 904 A.2d at 955 (defendant had control because he was seen exiting the vehicle moments after an accident). He argues these cases set a requirement of extreme proximity to the vehicle, and claims that his mere presence on the same property as the car was not sufficient. See Pistorius' Brief at 14-15.

Pistorius also relies on Commonwealth v. Byers, 650 A.2d 468 (Pa. Super. 1994), in which a panel of this Court concluded the circumstantial evidence against the defendant was not enough to establish control of the vehicle, although he was found asleep in his car, drunk, with the motor running. See id. at 469. However, the vehicle had not left its parking spot outside the bar where the defendant had been drinking. See id. The panel reasoned that the location of the vehicle was not "suspect," because the defendant's presence in the bar parking lot indicated he had not attempted to

drive after imbibing. Id. The panel concluded the evidence was insufficient because "a showing that an intoxicated defendant started a parked car, without more, is not enough to prove actual physical control." Id. at 470. Here, Pistorius argues, given the significant amount of circumstantial evidence required in Byers, the evidence against him is "woefully insufficient." Pistorius' Brief at 16.

> In convicting Pistorius, the trial court found the following:
>
> As the Commonwealth may sustain its burden of proving that the Defendant drove after imbibing alcohol by wholly circumstantial evidence, e.g. Commonwealth v. Young, 904 A.2d 947, 954-55 (Pa. Super. Ct. 2006), there was sufficient evidence presented upon which to find beyond a reasonable doubt that the Defendant violated §§ 3802(a)(1) & (b).

Trial Court Opinion, 11/27/2017, at 3. We agree with the trial court's conclusion.

The record conclusively demonstrates sufficient circumstantial evidence exists to support a finding of actual physical control. Control is indicated by a combination of factors, including "location" and "additional evidence showing that the defendant had driven the vehicle." Brotherson, supra, 888 A.2d at 904. In response to a 911 call by a neighbor, the troopers found Pistorius' car in a "suspect" location, as it was stuck on decorative rocks, indicating the driver operated it carelessly. Byers, supra, 650 A.2d at 469. Additionally, Pistorius was present near the car when the trooper arrived. Although he claims that he was merely on the same property as the vehicle and attempts to distinguish Johnson, supra, and Young, supra, the record indicates he

was more than simply present. The vehicle in question was registered in his name. He was heavily intoxicated, which he does not dispute, and attempted to hide from the police when approached. When viewed in its entirety, the circumstantial evidence, particularly the suspect location of the vehicle, indicates beyond a reasonable doubt Pistorius operated the vehicle while intoxicated.

Moreover, Pistorius' reliance on case law fails under scrutiny. As established, the vehicle was stuck on decorative rocks, and was therefore in a suspect location. Since this key factor was met, the case is factually distinct from Byers, supra, the only case that Pistorius cites in which control was not established. Although Pistorius argues there was insufficient evidence of control because the motor was not running, he cites two cases in which control was found without this factor present. See Johnson, supra, 833 A.2d at 263-264; Young, supra, 904 A.2d at 955. Furthermore, the location of the vehicle, not the running motor, is the key factor. See Brotherson, supra, 888 A.2d at 905. Therefore, we hold that Brotherson governs, and the circumstantial evidence presented herein was sufficient to find actual physical control.

Pistorius also argues his conviction was against the weight of the evidence. See Pistorius' Brief at 16. He contends the circumstantial evidence provided by Officer Gambone was insufficient to overcome the firsthand evidence provided by Gage, which indicated another individual drove Pistorius

to the Meridian Road residence prior to his arrest. See Pistorius' Brief at 16-17.

Our standard of review for a challenge to the weight of the evidence is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> . . .
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> . . .
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

Commonwealth v. Clay, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations omitted). To reverse the decision of the trial court, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." Commonwealth v. Sullivan, 820 A.2d 795, 806 (Pa. Super. 2003) (quotations omitted).

We hold that Pistorius' weight of the evidence claim is waived for appellate review. "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." Commonwealth v. Lofton, 57 A.3d 1270, 1273 (Pa. Super. 2012), appeal denied, 69 A.3d 601 (Pa. 2013); see Pa.R.Crim.P. 607. Additionally, "any issue not properly included in the [1925(b)] Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). Pistorius failed to raise a weight claim during sentencing or in a post-sentence motion, and similarly failed to include it in his 1925(b) statement. See Concise Statement of Matters Complained of on Appeal, 11/1/2017, at 1. For these reasons, his claim is waived.

Furthermore, even if Pistorius had properly preserved the claim, there is no reason to disturb the findings of the trial court. The trial court properly exercised its discretion in weighing the testimony of the trooper over the testimony of Pistorius' friend. Indeed, it makes little sense that Gage and the driver would leave Pistorius, drunk and alone, at another's residence instead of taking him home. Since the trial court was free to ignore Gage's testimony and its conclusions were based on Trooper Gambone's testimony, we would conclude Pistorius' conviction does not "[shock] the conscience." Sullivan, supra, 820 A.2d at 806.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/2018