J-S44006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MONICA ANNE MARIE MATULA :
:
Appellant : No. 1036 EDA 2018

Appeal from the Judgment of Sentence March 2, 2018
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000142-2015

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                   **FILED JULY 27, 2018**

Monica Anne Marie Matula appeals from her judgment of sentence, entered in the Court of Common Pleas of Carbon County, after she was convicted of Driving Under the Influence (DUI) – general impairment.[1]  After careful review, we affirm.

Officer Richard Reis of the Lansford Police Department received a radio dispatch, at 12:40 a.m. on October 8, 2014, stating that a resident of 43 East Abbott Street in Lansford had complained that there were two people[2] sitting in a parked car, drinking beer, and listening to loud music.  Officer Reis, who was on patrol at the time, arrived at the East Abbott Street location, a residential street, within minutes of receiving the dispatch and saw the subject

_____

[1] 75 Pa.C.S. § 3802(a)(1).

[2] Officer Reis' trial testimony confirmed that Matula was the only occupant of the vehicle upon his arrival to the scene.  N.T. Non-Jury Trial, 11/15/17, at 8.

car, legally parked, with the engine running. The headlights of the vehicle were off and a female, Matula, was sitting in the driver's seat of the car with the driver's side window down. The female was listening to music. As he approached the vehicle, Officer Reis smelled an odor of alcohol coming from the female, noticed that her eyes were glassy, and that her speech was slurred. Officer Reis identified the female as Matula, who was also the registered owner of the car. Matula told Officer Reis that she had been listening to music in her car and initially denied that she had been drinking. Later, Matula admitted that she had been drinking, but not in her car. Matula lived in Brockton, Pennsylvania, twelve miles away from East Abbott Street. Matula gave Officer Reis several conflicting explanations, over the course of a couple of minutes, as to how her car arrived at the East Abbott Street location.[3] When asked to exit the car, Officer Reis noted that Matula was swaying side-to-side and stumbling.

---

[3] Although not relevant to the issue on appeal, Matula was only able to perform one of several field sobriety tests. As a result, she was charged with the two DUI offenses. While a blood draw was taken at the hospital on the evening of her arrest and revealed a .213% BAC, the test results were later suppressed pursuant to the dictates of **Birchfield v. North Dakota**, 136 U.S. 2160 (2016). In **Birchfield**, the Supreme Court held that warrantless blood draws are a violation of the Fourth Amendment and that drivers cannot be found to have consented to a warrantless blood draw if they believe that their refusal constitutes a criminal offense. **Id.** at 2184-86. Thus, the section 3802(c) charge was withdrawn at trial.

Matula was charged with DUI – general impairment and DUI – highest rate of alcohol.[4] On May 20, 2016, Matula filed a petition for writ of habeas corpus seeking dismissal of the charges, claiming that the Commonwealth had not established a *prima facie* case that she had operated or been in actual physical control of her automobile, as required under section 3802, at the time of her arrest. On June 23, 2016, the trial court denied Matula's petition. On September 15, 2017, a non-jury trial was held before the Honorable Joseph J. Matika.[5] The court adjudged Matula guilty of the above-stated DUI offense and sentenced her, on March 2, 2018, to no less than ten days to no more than six months of incarceration. Matula filed this timely appeal, presenting one issue for our review: "Whether the evidence was sufficient to establish that [] Matula was driving, operating or in actual physical control [of] her car to commit DUI when the evidence established that she merely started her parked car to listen to music?" Appellant's Brief, at 4.

Pennsylvania's DUI statute provides, in relevant part:

§ 3802. **Driving under influence of alcohol or controlled substance**

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is

---

[4] 75 Pa.C.S. § 3802(c).

[5] Only Officer Reis and Detective Joshua Tom testified at the trial. At the time of the instant matter, Detective Tom was a patrolman who was on duty and also responded to the dispatch. N.T. Non-Jury Trial, 11/15/17, at 30-31.

rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).  In **Commonwealth v. Williams**, 941 A.2d 14 (Pa. Super. 2008), our Court explained that:

The term "operate" in section 3802(a)(1) requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances.  Our precedent indicates that a combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle.  The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence. Furthermore, a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated.

**Id.** at 27 (citations and quotations omitted).  While the term "operate" requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, it does not require that the vehicle was in motion.  **Commonwealth v. Young**, 904 A.2d 947 (Pa. Super. 2006).

In **Commonwealth v. Byers**, 650 A.2d 468 (Pa.  Super. 1994), the defendant was discovered sleeping in the driver's seat of a parked car.  The car was parked in the parking lot of a drinking establishment, the engine was running, and the headlights were on.  Our Court held that the Commonwealth did not introduce sufficient evidence to show that the defendant had been in actual physical control of the vehicle, holding that it is not enough to be merely

sitting in a parked car while intoxicated to prove that a defendant was in "actual physical control" of the vehicle.[6]

We find the instant case distinguishable from **Byers**. In **Byers**, there was no evidence that the defendant had done more than turn on the engine of the car in the parking lot of the establishment where he had been drinking and became intoxicated. He would not have needed to drive the vehicle after consuming alcohol to arrive at the location where he was found. Conversely, Matula was parked in a residential neighborhood, 12 miles from her home, with the car's engine running, was clearly intoxicated, had the radio on, could not coherently explain how her car had arrived at its location, and there was no evidence of alcohol in the vehicle. Under a totality of the circumstances, we conclude that the Commonwealth circumstantially proved that Matula was in "actual physical control" of her vehicle; she was clearly in a position to regulate its movements. **See Williams**, **supra** (conviction under section 3802(a)(1) affirmed on appeal where: defendant parked diagonally in parking lot of establishment that does not serve alcoholic beverages, there was no evidence that defendant had consumed alcohol nearby, defendant was in driver's seat with hands on steering wheel, vehicle was running and headlights and stereo on, car was registered to defendant, and defendant showed signs

---

[6] We note that the defendant in **Byers** was convicted of DUI under 75 Pa.C.S. § 3731(a)(1), which has since been repealed and replaced by section 3802(a)(1). Both sections, however, contain the same elements to prove the offense of DUI. **See Byers**, 650 A.2d at 469 (language of section 3731(a)(1) states that "'[a] person shall not drive, operate, or be in actual physical control of the movement of any vehicle' while intoxicated.").

of visible intoxication and failed sobriety tests); ***Commonwealth v. Bobotas***, 588 A.2d 518 (Pa. Super. 1991) (actual physical control found where defendant was parked in an alley on way home with engine running); ***Commonwealth v. Leib***, 588 A.2d 922 (Pa. Super. 1991) (actual physical control found where defendant was asleep in the car in middle of road with engine off).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/18