J-E01007-14

2014 PA Super 265

COMMONWEALTH OF PENNSYLVANIA

Appellant

v.

HYKEEM CARTER

Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2339 EDA 2012

Appeal from the Order July 6, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000285-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E.,
PANELLA, J., DONOHUE, J., ALLEN, J., LAZARUS, J., MUNDY, J.,
and OLSON, J.

DISSENTING OPINION BY LAZARUS, J.:         **FILED DECEMBER 02, 2014**

I respectfully dissent.  It is well established that a police officer may
conduct a brief investigatory stop of an individual if the officer observes
unusual conduct which leads him to reasonably conclude, in light of his
experience, that criminal activity may be afoot.  ***Terry v. Ohio***, 392 U.S. 1,
30 (1968); ***Commonwealth v. Lewis***, 636 A.2d 619, 623 (Pa. 1994).
However, an investigatory stop is justified only if the detaining officer can
point to specific and articulable facts which, in conjunction with rational
inferences derived from those facts, give rise to a reasonable suspicion of
criminal activity and therefore warrant the intrusion.  ***Commonwealth v.***

*Ellis*, 662 A.2d 1043 (Pa. 1995). Because the articulable facts,[1] taken as a whole, did not support Officer Blaszczyk's conclusion that criminal activity was afoot, I would affirm the order suppressing the evidence obtained from the pat down of Carter.

The majority characterizes the suppression court's legal inquiry as one that employs a "divide-and-conquer" analysis. Majority Opinion, at 15. Essentially, the majority interprets the court's approach as analyzing the evidence piecemeal, rather than taking into account the totality of the circumstances. I disagree. Here, the suppression judge, the Honorable Carolyn H. Nichols, states in her Pa.R.A.P. 1925(a) opinion:

> *Reviewing the totality of the circumstances*, there exists no combinations of factors to justify reasonable suspicion in this case. Mr. Carter's decision to be left alone and hide the content of his pocket does not establish that he was engaged in criminal activity. Furthermore, Mr. Carter's action in moving around to prevent the officer from viewing the content of his pocket is innocent activity in nature and certainly cannot under established law lead the officer to believe that criminal activity was afoot.

Trial Court Opinion, 11/3/2012, at 7 (emphasis added).

---

[1] We recognize that when the Commonwealth appeals from a suppression order "[w]e may consider the evidence of the witnesses offered by the defendant, as verdict winner, and only so much of the evidence presented by the Commonwealth that is not contradicted when examined in the context of the record as a whole." *Commonwealth v. Feczko*, 10 A.3d 1285, 1287 (Pa. Super. 2010) (en banc) (citation omitted). However, here the Commonwealth presented the sole witness at the suppression hearing, Officer Blaszczyk.

Not only do I agree with Judge Nichols' legal conclusion that, based on the facts of record, Officers Blaszczyk and White did not have reasonable suspicion to stop and frisk Carter, but I believe it is our duty as an appellate court to defer to the suppression judge's credibility determination where those findings, as here, are supported by the record.

The relevant evidence shows that the officers observed Carter standing alone on a street corner in an area known for drug activity; Officer Blaszczyk had made several prior gun and drug arrests at that location. As the officers drove by Carter, they observed a bulge that weighed down Carter's jacket pocket, saw Carter look in the officers' direction and then watched Carter walk in the opposite direction from their vehicle. This series of events occurred three to four times. Based upon this evidence, Officer Blaszczyk concluded that that he had reasonable suspicion to stop Carter and pat him down.

This case is most analogous with our Court's decision in **Commonwealth v. Martinez**, 588 A.2d 513 (Pa. Super. 1991). In **Martinez**, the defendant was also standing on a street corner, in an area known for drug activity, late at night. Policemen, who knew the defendant and had spoken with her in the past, approached the defendant who quickly turned away from them and walked up the street. As the defendant walked away, the officers noticed that she held her hands in front of her coat and that there was a bulge in her pocket. The police commanded defendant to stop and, as she leaned over the police car, contraband fell out of her coat.

On appeal, the defendant contended that the court should have suppressed the evidence seized by the police during the stop. Our Court found that the defendant's flight from the street corner and the bulge in her jacket were insufficient facts to support the conclusion that criminal activity was afoot.

Here, like in **Martinez**, the facts are simply insufficient to support the conclusion that Officer Blaszczyk had reasonable suspicion to stop and frisk Carter at that time. At most, the officers had a mere "hunch" that Carter, who turned away as the officers drove by him, may have had a gun in his pocket. Because the Commonwealth's evidence falls short of proving that Carter was engaged in criminal activity and that he was armed and dangerous, I would affirm the suppression court.

Judge Donohue concurs in the result.