J-A19035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :      IN THE SUPERIOR COURT OF
                                     :                 PENNSYLVANIA
            Appellee        :

                         :
             v.              :
                         :

LANCE STEPHEN JABLONSKI,        :
                         :

           Appellant      :         No. 1258 WDA 2014

Appeal from the Judgment of Sentence entered on July 29, 2014
in the Court of Common Pleas of Armstrong County,
Criminal Division, No. CP-03-CR-0000750-2012

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED AUGUST 31, 2015**

Lance Stephen Jablonski ("Jablonski") appeals from the judgment of sentence entered following his conviction of driving under the influence of alcohol-highest rate of alcohol ("DUI").[1]  We vacate the judgment of sentence.

On July 18, 2012, while on routine patrol at 2:00 a.m., Parks Township Police Sergeant John Arce ("Sergeant Arce") observed a blue Dodge Durango parked in the parking lot of the Slovak Club, with its engine running.[2]  After parking his police vehicle behind Jablonski's vehicle, Sergeant Arce observed

---

[1] 75 Pa.C.S.A. § 3802(c).

[2] The Parks Township Municipal Building is directly adjacent to the Slovak Club.  Trial Court Opinion, 5/9/14, at 1.  Because of its location, members of the public must traverse the Slovak Club's parking lot to access the municipal building.  *Id.*  As a result, Parks Township entered into an agreement whereby Parks Township paid the Slovak Club $200 per year for public use of the parking lot to conduct business at the Municipal Building.

Jablonski in the driver's seat of the locked vehicle, with his head slumped and eyes closed. Sergeant Arce identified himself and tapped on the window. After several unsuccessful attempts to get Jablonski's attention, Jablonski opened the driver's door and exited the vehicle. Jablonski failed several field sobriety tests administered by Sergeant Arce. Jablonski was placed under arrest and transported to the Leechburg Police Station. At the police station, Jablonski's blood alcohol content was found to be 0.169%.

In its Opinion, the trial court also set forth the following relevant facts:

> [Jablonski] had been drinking inside [of] the Slovak Club for an extended period of time. Later in the evening, he decided to leave the Club. The bartender told [Jablonski] to wait in his car and he would drive him home, but when the bartender left the Club, [Jablonski] was not in his vehicle. At some later point, [Jablonski] returned to his vehicle, sat in the driver's seat, and started the engine.

Trial Court Opinion, 5/9/14, at 1-2.

After a bench trial, the trial court found Jablonski guilty of DUI. Thereafter, the trial court sentenced Jablonski to 72 hours to 6 months in the county jail, plus a fine and costs. Jablonski filed a Post-Sentence Motion, which the trial court denied. Thereafter, Jablonski filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

Jablonski now presents the following claims for our review:

I. Whether the trial court should have granted [Jablonski's] request for a not guilty verdict at trial[,] in that [Jablonski] was not in actual physical control of his motor vehicle as that term is defined in the Commonwealth?

- 2 -

II.    Whether a private club parking lot is a highway or traffic way sufficient to warrant a conviction for 75 Pa.C.S.A. § 3802?

Brief for Appellant at 5.

Jablonski's claims challenge the sufficiency of the evidence underlying his conviction of DUI.  When examining the sufficiency of evidence,

[t]he standard we apply ... is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the [finder] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Houck**, 102 A.3d 443, 449 (Pa. Super. 2014) (quoting

**Commonwealth v. Barnswell Jones**, 874 A.2d 108, 120-21 (Pa. Super.

2005) (citation omitted)).

Jablonski first claims that the evidence is not sufficient to sustain his conviction where the Commonwealth failed to establish that he was in physical control of the vehicle.  Brief for Appellant at 12.  Jablonski argues that the trial court improperly failed to apply this Court's definition of "actual

- 3 -

physical control of the movement of a vehicle," as set forth in **Commonwealth v. Byers**, 650 A.2d 468 (Pa. Super. 1994). Brief for Appellant at 20. Jablonski challenges the trial court's reliance upon the plurality decision of the Pennsylvania Supreme Court in **Commonwealth v. Wolen**, 685 A.2d 1384 (Pa. 1996). Brief for Appellant at 20. According to Jablonski, the trial court further erred in relying upon footnote 4 in **Wolen**, which, Jablonski argues, was *dicta*. **Id.** Beyond the non-controlling nature of *dicta*, in a plurality decision, Jablonski points out that in **Wolen**, the Supreme Court addressed the adequacy of a jury instruction, whereas in **Byers**, the Superior Court addressed the sufficiency of the evidence underlying the appellant's DUI conviction. **Id.** at 18. Thus, the cases involved different standards of review. **Id.**

Jablonski directs our attention to subsequent decisions wherein the Superior Court applied the **Byers** test under the old DUI statute (75 Pa.C.S.A. § 3731) and the new DUI statute (75 Pa.C.S.A. § 3802). Brief for Appellant at 20. Jablonski cites **Commonwealth v. Brotherson**, 888 A.2d 901 (Pa. Super. 2005), wherein this Court cited **Byers** as the controlling standard to be applied. Brief for Appellant at 23.

First, we are cognizant that in **Wolen**, the Opinion, authored by the Honorable Ronald D. Castille, was not joined by a majority of the Supreme Court. "When a court is faced with a plurality opinion, usually only the result carries precedential weight; the reasoning does not." **Commonwealth v.**

*O.A.*, 717 A.2d 490, 496 n.4 (Pa. 1998). *Accord Commonwealth v. Bethea*, 828 A.2d 1066, 1073 (Pa. 2003). Thus, regardless of whether footnote 4 constitutes *dicta*, the reasoning set forth in the Opinion announcing the decision of the Supreme Court is not precedential. *See id.*

The Crimes Code defines the relevant offense of DUI as follows:

*(c) Highest rate of alcohol.*—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(c).

In *Brotherson*, this Court analyzed the "actual physical control" component of the predecessor to Section 3802 as follows:

"The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson*, 2003 PA Super 354, 833 A.2d 260, 263 (Pa. Super. 2003). "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Commonwealth v. Woodruff*, [] 447 Pa. Super. 222, 668 A.2d 1158, 1161 (Pa. Super. 1995). A determination of actual physical control of a vehicle is based upon the totality of the circumstances. [*Commonwealth v.*] *Williams*, [2005 PA Super 105, 871 A.2d 254,] 259 [(Pa. Super. 2005)]. "The Commonwealth can establish[,] through wholly circumstantial evidence[,] that a defendant was driving, operating or in actual physical control of a motor vehicle." *Johnson*, *supra* at 263. Actual physical control requires more than evidence of a motorist starting the engine to a parked vehicle.

> Our courts, therefore, have properly focused on the danger that defendant poses to society in determining what constitutes actual physical control. This danger or threat to society is not shown merely by proving that defendant started the engine of a car. It is shown through a combination of the factors discussed above. *The cases support the conclusion that a showing that an intoxicated defendant started a parked car, without more, is not enough to prove actual physical control.* The Commonwealth must show some additional facts to illustrate that defendant was a danger to public safety.
>
> [] **Byers**, … 650 A.2d [at] 470[.]

**Brotherson**, 888 A.2d at 904-05 (emphasis added). **Accord Commonwealth v. Toland**, 995 A.2d 1242, 1246 (Pa. Super. 2010). "In a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." **Brotherson**, 888 A.2d at 905 (citing **Commonwealth v. Bobotas**, 588 A.2d 518, 521 (Pa. Super. 1991) (finding actual physical control when the defendant was found parked in an alley, where he had pulled over on the way home, with the motor running); and **Commonwealth v. Crum**, 523 A.2d 799, 800 (Pa. Super. 1987) (finding actual physical control where defendant was found sleeping in his parked car, along the side of the road, with the headlights on and the motor running).

At trial, Sergeant Arce testified that at about 2:00 a.m. on July 18, 2012, while driving on routine patrol, he observed Jablonski slumped over in his vehicle, in the parking lot of the Slovak Club. N.T., 4/16/14, at 5. Sergeant Arce stated that as he approached Jablonski's vehicle, he noticed

that its engine was running. *Id.* at 6. Sergeant Arce stated that he knocked on the driver's side window several times. *Id.* at 7. Eventually, Jablonski responded. *Id.* After several attempts, Jablonski unlocked his door. *Id.* at 8. According to Sergeant Arce, Jablonski's eyes were glassy and he had a hard time standing. *Id.* Sergeant Arce administered three field sobriety tests, each of which Jablonski failed. *Id.* Sergeant Arce also testified that although the Slovak Club is a private club, the municipality pays for the use of its parking lot. *Id.* at 9.

On cross-examination, Sergeant Arce admitted that he never saw the vehicle move. *Id.* at 10. Sergeant Arce further stated that he never observed Jablonski place his hands on the steering wheel or attempt to put the vehicle in gear. *Id.* at 11. Sergeant Arce had no knowledge of how the vehicle came to be in that location. *Id.* In addition, there was no evidence that Jablonski had been drinking in his vehicle. *Id.* at 12. Finally, there was no one else in the parking lot at that time. *Id.* at 13.

This evidence, viewed in a light most favorable to the Commonwealth, is not sufficient to sustain Jablonski's conviction of DUI. In **Brotherson**, "[t]he highly inappropriate location of the car—on the basketball court of a gated children's playground—created a strong inference that it was an already intoxicated Appellant who had driven the car to that spot." **Brotherson**, 888 A.2d at 905. Here, the location of Jablonski's vehicle does not support an inference that an intoxicated Jablonski had driven the car.

Without evidence that Jablonski had exercised actual physical control of the movement of the vehicle, the evidence is not sufficient to sustain his conviction of DUI. Accordingly, we vacate Jablonski's judgment of sentence.

Because of our resolution of Jablonski's first claim, we need not address his remaining claim.

Judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015