J-S10041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT PINHAK, | : | |
| | : | |
| Appellant | : | No. 1949 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007242-2017

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED MARCH 22, 2019**

Appellant, Robert Pinhak, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his bench trial conviction for driving under the influence of a controlled substance or a combination of drugs ("DUI").[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] Page 6, footnote 4 of the trial court opinion states that Officer Curran attempted to obtain Appellant's medical records by search warrant and learned Appellant had refused to submit to blood and urine testing at the hospital.  The record shows that the court sustained Appellant's hearsay objection to Officer Curran's testimony about Appellant's refusal to submit to blood and urine tests.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant raises one issue for our review:

WHETHER THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S VERDICT FINDING APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE: CONTROLLED SUBSTANCE [IMPAIRED ABILITY]—FIRST OFFENSE [(75 PA.C.S.A. SECTION 3802(D)(2))], WHERE THE COMMONWEALTH PRESENTED NO BLOOD EVIDENCE, NO EVIDENCE OF APPELLANT'S REFUSAL TO SUBMIT TO A BLOOD TEST ORDER OR BREATHALYZER, NO EXPERT TESTIMONY THAT APPELLANT WAS UNDER THE INFLUENCE OF ALCOHOL OR SCHEDULE 1 NARCOTICS, AND THE ARRESTING OFFICER DID NOT CONDUCT A FIELD SOBRIETY TEST OR EVEN OBSERVE APPELLANT DRIVING HIS VEHICLE?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard M. Cappelli, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 20, 2018, at 2-8) (finding: Commonwealth presented sufficient evidence to support DUI conviction, even if arresting officer did not conduct field sobriety tests or observe Appellant actually driving vehicle; officer is a twelve-year police veteran with certification as a drug recognition expert; Appellant was obviously unconscious and unresponsive due to opiate overdose; evidence established that Appellant was incapable of safe driving).

Appellant relies on ***Commonwealth v. Gause***, 164 A.3d 532 (Pa.Super. 2017), *appeal denied*, 643 Pa. 188, 173 A.3d 267 (2017), for the

proposition that the lay opinion of a law enforcement officer is insufficient to prove that Appellant was under the influence of narcotics, where there is no expert testimony, no blood test, no refusal for a blood test, no admission of drug use, no recovery of narcotics, and no typical or obvious indicia of narcotic use. Instantly, the Commonwealth did not present expert testimony. The arresting officer, however, had a multitude of prior experiences involving opiate overdoses, the officer found Appellant unconscious in the middle of a busy intersection, Appellant exhibited obvious physical signs of opiate overdose, Appellant remained unconscious despite shaking and chest rubbing, and Appellant regained consciousness only after the officer administered two doses of Narcan. This record supports the trial court's decision. Accordingly, we affirm based on the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19



IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
COMMONWEALTH OF PENNSYLVANIA – CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | NO: 1949 EDA 2018 |
| v. | : | DELAWARE COUNTY CP-23-CR-0007242-2017) |
| ROBERT PINHAK, Defendant/Appellant | : | |

CAPPELLI, J.                                    DATE:   September 20, 2018

## *OPINION*

### Procedural History

Appellant, Robert Pinhak, appeals from his conviction and sentence for violation of 75 § 3802 D2, DUI, Controlled Substance – Impaired Ability – first offense, an ungraded misdemeanor.

On *July 27, 2017* Appellant was charged with DUI: Controlled Substance or Metabolite-first offense (75 § 3802 §§ D1), an ungraded misdemeanor, DUI: Controlled Substance-Impaired ability-first offense, an ungraded misdemeanor, Careless Driving, 75 § 3714 §§ A, a summary offense, Reckless Driving, 75 § 3736 §§ A. On *November 30, 2017* all charges were bound over after a preliminary hearing. The Appellant was arraigned in the Court of Common Pleas of Delaware County on *January 5, 2018*.

1

Appellant was convicted of violation of 75 § 3802 §§ D2 after non-jury trial on *May 2, 2018*. On *June 11, 2018* the Appellant was sentenced to a period of incarceration of 72 hours to 6 months among other restorative sanctions. The Appellant was to present himself to the Delaware County Prison on *June 22, 2018* at 6 p.m. to begin his sentence. No post-sentence motions were filed.

On *June 27, 2018* Appellant through counsel filed a Notice of Appeal challenging his conviction. On *July 6, 2018* Appellant was ordered to file a Concise Statement of Matters Complained of on Appeal. On *July 17, 2018* the Appellant filed a Concise Statement of Errors Complained of on Appeal.

Appellant raises one issue on appeal averring there was insufficient evidence to support the guilty verdict finding violation of 75 § 3802 §§ D2 where the Commonwealth presented no blood alcohol evidence, no evidence of the Appellant's refusal to submit to a blood test order or breathalyzer, no expert testimony that Appellant was under the influence of alcohol or schedule 1 narcotics and the arresting officer did not conduct a field sobriety test or even observe [Appellant] driving his vehicle.

Officer Michael Curran of the Upland Borough Police Department was called to testify at trial. He is a twelve year police veteran. At the time of his testimony he was ranked as a Corporal in the Patrol Division. *(N.T. 5/2/18, pp. 4-5).*

2

On *July 20, 2017* he was in uniform in a marked patrol car when he received a call about an unconscious driver in a white truck stopped at an intersection. *(N.T. 5/2/18, p. 5).*

Officer Curran testified he received a dispatch call to Sixth and Main Street[1] for an unconscious white male in a white pick-up truck in the middle of an intersection at 7:52 a.m. *Id.*

When asked what he observed on arrival minutes after the call (the location is a block away from the police station), Officer Curran testified on arrival there was a white male slumped back in the driver's seat. No other occupants were in the vehicle. Several bystanders were on the sidewalk. The driver (identified as [Appellant]) had his eyes closed. *( N.T. 5/2/18, p.6).*

The Appellant's white pick-up truck was stopped in the middle of the intersection. **Id at 7.** The whole intersection was stopped and unable to move about or around the Appellant's vehicle. Traffic was gridlocked. *(N.T. 5/2/18 p. 7).* Officer Curran testified that there was a lot of traffic in the intersection at that time of the morning.

On arrival Officer Curran describes there were bystanders lining both sides of the street. Officer Curran approached the vehicle and again he identified

---

[1] Sixth and Main Street is described as one of the main intersections controlled by traffic signals in all directions. It is a main road through town that crosses the other main road. There is a school bus stop on the corner, and there is a little shop. (N.T. 5/2/18, p. 7).

Appellant as the only person in the vehicle behind the wheel. The keys were in the ignition. The Appellant's foot was on the brake pedal. When Officer Curran arrived his lights and loud siren were on but the Appellant did not stir. Officer Curran opened the driver door and the Appellant unconscious slumped back[2] in his seat. Officer Curran tried to awaken the Appellant by shaking him to no response. He began aggressively rubbing the Appellant's sternum. *Id at 9.*

The Appellant was noticed to have very shallow breathing while sternum rub was administered. Although Appellant could not be aroused to awaken in this manner which was suggestive that the Appellant was not merely tired or sleeping "because rubbing that part [which] usually brings them back." *Id at 10.*

The Appellant did not arouse or awaken or become conscious with vigorous shaking. At that point Officer Curran was thinking that Appellant was overdosing. *Id at 10.* Therefore, Officer Curran retrieved his medical bag equipped with Narcan and administered it. Officer Curran had previously administered Narcan on multiple occasions.

By way of background, Officer Curran testified to his qualifications including his 2017 certification as a drug recognition expert. In 2014 he underwent specific training for opiate use and response and prevention. Currently he describes

---

[2] Further described as slumped with his head back with his eyes closed. **Id.**

4

encountering perpetrators under the influence of heroin and opiates on a weekly basis.

Respecting opiates, Officer Curran testified he looks for symptoms including shallow breathing, cold clammy skin, and the most obvious is their pupils in their eyes. *Id at 12.*

Officer Curran testified that Appellant did not respond to the first dose of Narcan. He also testified that the Appellant's eyes were pinpoints. They were the size of pins and "no other drug does that." Id at 13. Because the Appellant was not responding to noxious stimuli and the first dose of Narcan, Officer Curran administered a second dose of Narcan. Id at 13.

At that point the Narcan starts working and the Appellant starts to come "to", he starts moving around. *Id at 14.* His arms are moving and his body is moving.[3] *Id.*

When asked if Narcan will work (be effective) on people who .. undergoing a cocaine overdose, Officer Curran testifies "absolutely not." Id. "Narcan only affects someone who is under the influence of an opiate." *Id at 14.*

Eventually, EMS (Officer Curran called the EMS because he thought the Appellant may die) arrived on the scene. They removed him from the vehicle, put

---

[3] Groggy like I said not talkative. He eventually starts opening up his eyes but he is slowly moving his body. *Id at 14.*

5

him on a gurney, put him in the back of the ambulance and headed off to the hospital. *Id at 15.*[4]

Officer Curran testified he encounters people under the influence very frequently. Officer Curran was asked to render his opinion as to whether the Appellant was under the influence of a drug or a combination of drugs to a degree which impaired his ability to safely drive, operate or be in physical control of the movement of the motor vehicle to which he responded he believes the Appellant was impaired underneath an opiate. *(N.T. 5/2/18, p. 18).*

Against this evidence this Court finds no merit to the Appellant's challenge on the basis the arresting officer did not administer field sobriety tests or even observe the Appellant driving his vehicle. Here, obviously the Appellant was unconscious and not responsive due to opiate overdose. There was both objective evidence and opinion testimony that the Appellant was incapable of safe driving pursuant to 75 § 3802 §§ D2.

**Discussion**

With respect to Appellant's sufficiency of the evidence claim, after careful review of the record, and the relevant case law, Appellant is not entitled to relief on this issue.

---

[4] Officer Curran attempted to obtain the Appellant's medical records by search warrant and learned the Appellant refused to submit to blood and urine testing at the hospital so he was unable to obtain lab results. *Id at 15.*

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). The standard applied in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the Factfinder to find every element of the crime beyond a reasonable doubt.

In applying the above test, the Pennsylvania Superior Court may not weigh the evidence and substitute their judgment for the Factfinder. In addition, it is important to note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the Factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the Finder of Fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Antidormi*, 84 A.3d 736, 75 (Pa. 2014).

7

Subsection 3802(d)(2) provides: An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances: . . . . (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle. 75 Pa.C.S.A. § 3802(d)(2).

Subsection 3802(d)(2) requires proof that the defendant is under the influence of a drug or combination of drugs to a degree which impairs his or her ability to safely drive, operate or be in actual physical control of the movement of his or her vehicle.

Instantly the Commonwealth met their burden of proof as to each and every element beyond a reasonable doubt sufficient for this Court to convict the Appellant.[5]

---

[5] See, *Commonwealth v. Adams*, 2005 Pa. Super 296, 882 A.2d. 496, 498-99 (Pa. Super. 2005). See also, *(citing Commonwealth v. Bobotas*, 588 A.2d 518, 521 (Pa.Super.1991) (finding an inference that it [the vehicle] was driven, is a key factor in a finding of actual control.) In a majority of cases, the location of the vehicle supports defendant had driven the vehicle. *Commonwealth v. Woodruff*, 447 Pa. Super, 222, 688 A.2d 1158 (1995). Other factors include the motor running, the location of the vehicle, and additional evidence showing the actual physical control. See, *Commonwealth v. Williams* 941 A.2d 14 (Pa. Super. 2008). A determination of actual physical control, as is required to sustain DUI conviction is based upon the totality of the circumstances. *Commonwealth v. Brotherson*, 888 A.2d 901 (Pa. Super. 2005).

## Conclusion

For all the foregoing reasons this Court's decision should be affirmed.

BY THE COURT:

RICHARD M. CAPPELLI, J.

cc:   John F.X. Reilly, Deputy District Attorney (Via: Interoffice and E-mail)
        Delaware County District Attorney's Office
      Kaitlyn Kramer, Appeals Unit Coordinator (Via: Interoffice and E-Mail)
        Delaware County District Attorney's Office
      Earl Raynor, Esquire (Via: First Class and E-mail)
        Attorney for Defendant/Appellant

9