J-S24042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                               :

                v.                  :

                               :

SHELBY TUSZYNSKI               :

                               :

           Appellant       :     No. 1455 WDA 2023

Appeal from the Judgment of Sentence Entered November 17, 2023
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000107-2021

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: September 5, 2024**

Appellant, Shelby Tuszynski, appeals from the judgment of sentence entered on November 17, 2023 in the Warren County Court of Common Pleas. We affirm.

The relevant facts and procedural history are as follows: After Appellant's car was involved in an accident in December 2020, he was charged by the Warren County Pennsylvania State Police with DUI: Controlled Substance - Impaired Ability - 1st (M); DUI: Controlled Substance - Schedule I – 1st (M); DUI: Controlled Substance - Schedule II or III - 1st (M); and Careless Driving (S). A jury trial commenced on October 2, 2023. At trial, Trooper Joseph Swanson and Trooper Christopher Weber testified for the

---

[*] Former Justice specially assigned to the Superior Court.

Commonwealth. Appellant testified on his own behalf and called Trooper Joshua Tassone and Patrick Kiser to testify.

Trooper Swanson testified that on December 3, 2020, he responded to the scene where a car had crashed into a ditch. N.T. at 30. The car was registered to Appellant. *Id.* at 41. The report given to Trooper Swanson stated there were two males present at the scene. *Id.* at 30. Trooper Swanson found Appellant about a quarter mile down the road. *Id.* The Trooper testified that Appellant first stated he was alone, then that he was with someone, but he didn't know who. The Appellant changed his story to the Trooper multiple times regarding how the car ended up in the ditch, but admitted that he attempted to accelerate the vehicle. *Id.* at 33. Trooper Swanson had Appellant perform field sobriety tests, during each of which Appellant exhibited signs of impairment. *Id.* at 34-41. Appellant was taken to the hospital for a blood draw which resulted in amphetamines, methamphetamine, and Delta-9 carboxy THC to be in his system. *Id.* at 47.

Trooper Weber testified as a drug recognition expert and identified Appellant's signs of impairment, the drugs found in Appellant's system, and the schedule of each drug. N.T. at 90-109.

Trooper Tassone testified that he received a call on the date of the incident that an individual later identified as Patrick Kiser was found calling for help on someone's property. N.T. at 117. Trooper Tassone called an ambulance for Mr. Kiser. *Id.* at 118. Drugs and drug paraphernalia were found on Mr. Kiser but no DUI investigation was performed since he appeared to be

alone and not driving. *Id.* at 122. Mr. Kiser, Appellant's friend of several decades, testified that he was the other individual involved in the crash of Appellant's car. N.T. at 126. He stated that he was the one in operation of the Appellant's vehicle that night. *Id.* at 128. Appellant testified that he was trying to fix the stereo system in his car which Mr. Kiser was driving his car. Mr. Kiser began to fall asleep at the wheel, swayed the vehicle, and caused the car to swerve into the ditch. *Id.* at 150.

Ultimately, the jury convicted Appellant of three counts of DUI stemming from the testimony presented. The trial court also found Appellant guilty of Careless Driving. On October 3, 2023, defense counsel filed a Motion for Judgment of Acquittal which was dismissed after argument on November 6, 2023. Appellant was sentenced on November 17, 2023. Appellant filed a direct appeal on December 11, 2023 and a timely concise statement on January 2, 2024.

Appellant raises one issue for our review:

> The trial court erred by denying Appellant's motions seeking acquittal or a new trial due to the Commonwealth's failure to present sufficient evidence that he drove, operated, or was in actual control of a vehicle while intoxicated.

Appellant's Br. at 5.

The standard of review of a challenge to the sufficiency of the evidence follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all

reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019). The finder of fact is permitted to believe all, part, or none of the evidence presented at trial. *Commonwealth v. Smith*, 146 A.3d 257, 262 (Pa. Super. 2016).

Here, Appellant was convicted of three sections of the DUI statute; 75 Pa.C.S. §§§ 3802(d)(1)(i), (d)(1)(ii), and (d)(2), which read as follows:

**(d)** *Controlled substances.* — An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
  (1) There is in the individual's blood any amount of a:
      (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act;
      (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and

> Cosmetic Act, which has not been medically prescribed for the individual; or
>
> . . .
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802 (bold and italics in original).

Appellant specifically challenges the sufficiency of the Commonwealth's evidence as to the element of "drive, operate or be in actual physical control of the movement of a vehicle." Appellant's Br. at 10 (unpaginated).[1] Appellant argues that there were two individuals present after the car accident, and the Commonwealth presented no information about the identity of the other individual, Mr. Kiser. Appellant submits that because Mr. Kiser testified to having driven the car the night of the incident, no reasonable juror could conclude that Appellant was the driver. Appellant's Br. at 10-11 (unpaginated).

The Commonwealth may establish through wholly circumstantial evidence that which indicates a combination of the following factors in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. ***Commonwealth v.***

---

[1] It is relevant to note that Appellant was also found guilty by the trial court under the careless driving statute which requires proof that an individual was driving a vehicle. The statute states, "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714. Appellant does not appeal the careless driving conviction.

*Brotherson*, 888 A.2d 901, 904 (Pa. Super. 2005) (citing *Commonwealth v. Woodruff*, 668 A.2d 1158, 1161 (1995)). In many cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control. *See Commonwealth v. Bobotas*, 588 A.2d 518, 521 (1991) (finding actual physical control when the defendant was found parked in an alley, where he had pulled over on the way home, with the motor running). Conversely, where the location of a car supported the inference that it was not driven, the fact finder can reject the inference of actual physical control.

Here, the trial court concluded that the evidence was sufficient to support the DUI convictions. In its Rule 1925(a) opinion, the trial court states,

> Considering the testimony at trial, the trooper identified the Appellant at the scene and also determined that the vehicle belonged to him as it was registered in his name. The trooper asked the defendant how the crash had occurred and the Appellant answered initially that "I don't know" but also advised that he was in the vehicle and he attempted to accelerate out of the ditch. (Trial transcript at p. 65). The trooper testified that the Appellant attempted to accelerate back on the road and then slid into the ditch. (Trial transcript at p. 68). The Appellant was in physical control of the vehicle at the point when he was removing the car from the ditch. (Trial transcript at p. 65.) The Appellant came up with multiple stories about who was driving but never identified the second individual. In viewing all this evidence as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the jury could conclude that the Appellant was driving.

Tr. Ct. Op. at 6.

We agree. As fact-finder, the jury was free to draw reasonable inferences from the evidence as to who was the operator of the vehicle, and

was free to disbelieve Mr. Kiser's testimony if the jury found him to lack credibility. The location of the car, its registration to Appellant, the proximity of Appellant to the car, and Appellant's admissions to Trooper Swanson support an inference that Appellant drove the vehicle. **Brotherson, Bobotas, supra**. To the extent Appellant requests that we re-weigh the evidence and assess the credibility of the witnesses presented at trial, we emphasize that it is a task that is beyond our scope of review. **See Commonwealth v. Collins**, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact"). Accordingly, we find that the trial court correctly concluded that the evidence was sufficient to prove that Appellant was in control of the vehicle.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

9/5/2024